UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| W.N. MOTORS, INC. d/b/a COASTAL NISSAN, | * * * * | |
| Plaintiff, | * * | |
| v. | * * * | Civil Action No. 21-cv-11266-ADB |
| NISSAN NORTH AMERICA, INC., | * * * | |
| Defendant. | * * * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

    Pursuant to Federal Rule of Civil Procedure 42(b), Defendant Nissan North America, Inc. ("NNA" or "Defendant") moves to bifurcate the upcoming bench trial. [ECF No. 108]. Specifically, NNA seeks to conduct a first trial on whether Plaintiff's remaining claims under Count II, alleging violations under Mass. Gen. Laws ch. 93B, §§ 3–4, are time-barred under Massachusetts' discovery rule. [ECF No. 108 at 4–5; Mass. Gen. Laws ch. 93B, §§ 3–4 (2023)]. Plaintiff counters that because a determination of when it discovered the alleged harm is "inextricably tied to why that harm is a violation of Chapter 93B," bifurcation here will prejudice them and generate inefficiencies by requiring the parties to present the same witnesses and evidence at both trials. [ECF No. 111 at 8–10]. For the reasons set forth below, the motion to bifurcate, [ECF No. 108], is DENIED.

    Under Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the [C]ourt may order a separate trial of one or more separate issues,

claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "The moving party bears the burden of proving that separate trials are justified," Chapman ex rel. Estate of Chapman v. Bernard's Inc., 167 F. Supp. 2d 406, 417 (D. Mass. 2001), and the bifurcation decision is left to the Court's discretion, see Gonzalez-Marin v. Equitable Life Assurance Soc'y of U.S., 845 F.2d 1140, 1145 (1st Cir. 1988). Although courts routinely "bifurcate trial on statute of limitations issues," Grisham v. Philip Morris, Inc., No. 02-cv-07930, 2009 WL 9102320, at *4 (C.D. Cal. Dec. 3, 2009), bifurcation is "dependent on the facts and circumstances of each case[,]" Industrias Metálicas Marva, Inc. v. Lausell, 172 F.R.D. 1, 2 (D.P.R. 1997) (quoting Saxion v. Titan–C–Manufacturing, Inc., 86 F.3d 553, 556 (6th Cir. 1996)).

Turning first to the issue of efficiency and judicial economy, Defendant asserts that determining whether Plaintiff "knew or should have known" that an injury accrued is a discrete issue, which can be resolved by relying on testimony "concerning a limited number of documents." [ECF No. 108 at 4]. By contrast, the issues on the merits "are far broader and do not overlap with the narrow question" of when Plaintiff's purported harm accrued. [Id. at 4–5]. Plaintiff contends that the question of when it should have known about the purported harm is closely tied to a determination of how Defendant used and calculated sales metrics. See [ECF No. 111 at 3–7]. The Court agrees that how Defendant computed sales metrics may have some relevance to when Plaintiff "knew or should have known" that it had been harmed. Because there is likely to be an evidentiary overlap, bifurcation would create inefficiencies by requiring the parties to present the same witnesses and evidence in both trials. In sum, Defendant has not met its burden to show that any efficiencies gained by bifurcation would be meaningful.

As for prejudice, Defendant asserts that because Plaintiff is required to show that it filed the action in a timely manner in any event, bifurcation will not be prejudicial or put any additional burden on Plaintiff. [ECF No. 108 at 5]. Plaintiff replies that it would be unduly prejudiced "by forcing it to artificially isolate witnesses and evidence, partition its case, arguments, and resources," including incurring additional costs by flying in its expert for two trials. [ECF No. 111 at 9–10]. It does not appear to the Court that bifurcation will unduly prejudice either party, particularly given that this is a bench trial and therefore there is no risk of confusing a jury. See, e.g., Pfeister v. RSUI Indem. Co., No. 20-cv-03387, 2020 WL 4667425, at *2 (N.D. Cal. Aug. 5, 2020) (because the trial was a bench trial there was "no risk of jury confusion, and bifurcation thus [was] unnecessary."); cf. Adams v. Zimmer US, Inc., No. 17-cv-00621, 2020 WL 12933111 (E.D. Pa. Mar. 13, 2020) (granting bifurcation of statute of limitations and liability trial in part because non-bifurcation would confuse the jury and cause potential prejudice to defendant).

Accordingly, Defendant's motion, [ECF No. 108], is DENIED. Trial on all issues will begin on January 13, 2025.

**SO ORDERED.**

October 10, 2024                                          /s/ Allison D. Burroughs
                                                          ALLISON D. BURROUGHS
                                                          U.S. DISTRICT JUDGE